In the Matter of the Claim of CARL HOPPL, Doing Business as VALLEY STREAM PARK INN, Respondent. EDWARD CORSI, as Industrial Commissioner, Appellant.— Appeal by the Industrial Commissioner from a decision of the Unemployment Insurance Appeal Board holding that variety artists who performed at the respondent's restaurant and night club were not his employees and that he is not liable for Unemployment Insurance Contributions based on the compensation paid them. Each variety artist was engaged under a written contract with the respondent called the "AGVA Standard Form of Artists Engagement Contract". The respondent and the American Guild of Variety Artists (AGVA) had also entered into a "Minimum Basic Agreement" by which the respondent agreed to abide by AGVA's rules and regulations. The appellant claims that one such rule provides that all artists shall be considered as employees and not independent contractors. However, the Appeal Board has found, upon substantial evidence, that such rule was not incorporated in any written instrument binding upon the respondent. In any event, the actual facts and not the labels determine the true status. (*Matter of Cassetta* [*Realty Hotels — Corsi*], 282 App. Div. 793, motion for leave to appeal denied 306 N. Y. 982.) The record shows that the performers were engaged through a booking agent without interview or audition by the respondent; that the artists supplied their own music, costumes and stage material; that they performed in their own manner; and that the

only authority exercised by the respondent was to indicate the time of the show or to release the artists in event the audience was too small to warrant a performance. It cannot be said as a matter of law upon this record that the Appeal Board did not reach a correct factual determination. (*Matter of Radio City Music Hall Corp.* [*Miller*], 262 App. Div. 593.) Decision unanimously affirmed, with costs. Present — Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ.